**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

NELSON D. MOBLEY                       *
                                       *
              Plaintiff,               *
v.                                     *
                                       *        3:19cv00036-JJV
ANDREW SAUL,[1] Commissioner,          *
Social Security Administration ,       *
                                       *
              Defendant.               *

## MEMORANDUM AND ORDER

Plaintiff, Nelson Mobley, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under disability within the meaning of the Social Security Act because jobs existed that Plaintiff could perform despite his impairments. (Tr. 18-30). Both parties have submitted appeal briefs and the case is ready for a decision.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009*)*; *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however,

---

[1]Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019, replacing Nancy Berryhill. He has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find Commissioner's decision is supported by substantial evidence; therefore, Plaintiff's Complaint is DISMISSED.

Plaintiff was fifty-eight years old at the time of the administrative hearing.  (Tr. 42.) He testified he is a high school graduate, served in the United States Navy, and has completed some college courses.  (*Id.*)  Mr. Mobley has a strong work history.  The ALJ determined he has past relevant work as a special weapon assembly officer, nuclear, biologic, and chemical decontaminator, and technical manager of a chemical plant.  (Tr. 29.)

The ALJ[1] found Mr. Mobley had not engaged in substantial gainful activity since January 30, 2015, the alleged onset date. (Tr. 20.)  The ALJ next determined Plaintiff has "severe" impairments in the form of hearing loss, history of traumatic brain injury, mild neurocognitive impairment, adjustment disorder with mixed anxiety and depression, and alcohol abuse.  (*Id.*)  The ALJ further found he did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 21-23.)  The

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).  420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

ALJ determined Mr. Mobley had the residual functional capacity to perform a reduced range of medium work.  (Tr. 23.)

The ALJ assessed that Plaintiff could no longer perform any of his past relevant work, (Tr. 29), so she utilized the services of a vocational expert (VE) to determine if jobs existed that Plaintiff could perform despite his impairments.  (Tr. 61-64.)  Based in part on the VE's testimony, the ALJ concluded Plaintiff could perform the job of hospital food worker. (Tr. 30.)  Consequently, the ALJ determined Mr. Mobley was not disabled.  (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-3.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 1.)

In support of his Complaint, Plaintiff argues the ALJ's residual functional capacity (RFC) assessment is flawed.   Specifically, Plaintiff says the ALJ failed to account for his extreme sensitivity to light and manipulative limitations.  (Doc. No. 11 at 5-6.) Plaintiff further states, "The ALJ erred in assigning this RFC and limitations without the benefit of a physical consultative examination."  (*Id.* at 6.)

The Commissioner counters:

An ALJ is required to order a medical examination only if the medical records presented do not give sufficient medical evidence to determine whether Plaintiff is disabled. *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010). Here, the record contains sufficient medical evidence to allow the ALJ to make a disability determination. For example, the ALJ considered the normal examination findings, Dr. Stewart's opinion that Plaintiff had only a mild neurocognitive impairment, Plaintiff's ability to control his anxiety and depression with medication, and his extensive daily activities including doing farm chores, cleaning his truck, cleaning fences, and attending sporting events (Tr. 53, 55, 296-297, 307, 366, 386, 395-396, 404, 426, 469, 481-482). Because the medical record was adequately developed, the ALJ did not have a duty to obtain a consultative examination.

(Doc. No. 12 at 9-10.)

I find the Commissioner's point to be persuasive.  The comprehensive Neuropsychological Evaluation performed by Gary C. Stewart, Ph.D., (Tr. 375-387), noted Plaintiff's "chief complaint" of "extreme sensitivity to light."  (Tr. 375.)  Dr. Stewart noted nothing disabling and concluded Plaintiff was only "mildly impaired."  (Tr. 386.)  With regard to Dr. Stewart's opinion the ALJ said, "The functional limitations are unclear; however, in consideration of the expertise and the examining relationship, the undersigned accords this opinion partial weight."  (Tr. 27.)

"[I]n consideration of the medical evidence of record and the medical expertise of the consultant. . . ," the ALJ gave great weight to the conclusions of Donna Sadler, M.D.  (Tr. 28, 91-94.)  While Plaintiff correctly points out that Dr. Sadler did not perform an examine of Mr. Mobley, Dr. Sadler's opinions can constitute substantial evidence.  Especially when, as here, the opinions are supported by the overall medical evidence.

Ultimately, the ALJ's RFC restricted Plaintiff from working in direct sunlight and constant handling with his left hand.  (Tr. 23-24.)  Based on the medical evidence, I find no reversible error with the  ALJ's assessment.

Plaintiff is reminded he had the burden of proving his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  The fact that Plaintiff's counsel did not obtain (or, as far as the record reflects, try to obtain) additional doctor's opinions suggests they are of only minor importance.  *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). Realizing this is not an adversarial proceeding, I still find no indication that Plaintiff requested that the ALJ order a consultative evaluation at any time during the administrative process.  Plaintiff bears a heavy burden in showing the record has been inadequately developed.  He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v.*

*Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither; therefore, his argument is without merit.

Plaintiff's testimony reveals his inability to work is largely based on his fear he might "get somebody hurt."  (Tr. 56.)  That is understandable if he was performing his past relevant work handling nuclear and biological weapon components.  However, the finding by the ALJ - utilizing the expertise of a VE - was that Plaintiff was capable of performing the job of hospital food worker. Accordingly, I find the ALJ's determination is supported by substantial evidence.

Counsel for both sides have done excellent work on behalf of their respective clients.  I am sympathetic to Mr. Mobley's claims.  It appears this terrible motorcycle accident has dealt him a serious setback and I am certain he experiences some degree of pain and limitation.  But the overall evidence provides substantial support for the ALJ's determination that he could perform the job of hospital food worker.

Plaintiff has advanced other arguments that I have considered and find to be without merit. The Commissioner's decision is supported by substantial evidence.  Furthermore, it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 22nd day of July 2019.

_____
JOE J. VOLPE